UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALEXANDRA HERRING, next friend
and conservator for T.A.V., a minor,
et al.**,

      Plaintiffs,

      v.                                    CIVIL NO. 00-363 MV/DJS

**STATE OF NEW MEXICO, ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT, et al.**,

      Defendants.

## RECOMMENDATION

**THIS MATTER** comes before the court upon the Honorable Martha Vazquez' reference of the above captioned case to me. This recommendation concerns the fairness and adequacy of a proposed settlement. On January 23, 2001, a hearing was held regarding the proposed settlement of this case. The court heard presentations by Plaintiff's counsel, David Proper, Defendants' counsel, James Sullivan, Mary Torres and Jared Abrams, and by Marcia Lubar, the Plaintiffs' Guardian *Ad Litem.*

This is a case arising under 42 U.S.C. Section 1983 and the New Mexico Tort Claims Act. Plaintiffs are female minor held in the Otero and Dona Ana County jails pending delinquency proceedings. They assert that their conditions of confinement violated the Fourth and Fourteenth Amendment rights due to "deplorable and inhumane"

1

conditions. The case was filed in state court and removed to federal court on March 13, 2000.

Ms. Lubar interviewed the Plaintiffs regarding the settlement of their case. T.A.V. is eighteen years old and an emancipated adult. She will receive her funds outright. Mr. Proper will hold the funds and act as conservator of the remaining Plaintiffs' funds. R.H. and S.H. are sixteen and seventeen years old. They are in high school in Hobbs. They live with a foster mother and the state's monetary payments are sufficient to cover their needs. Mr. Proper will hold their money from the settlement in a trust account and disburse when the need arises. G.B. is seventeen years old and living with friends. Her mother is incarcerated. Mr. Proper will pay her rent with the funds. He will also give a report at the end of the distribution as to how the funds were expended. Mr. Proper is acting as conservator *pro bono.* Given the posture of the case, the facts underlying the claims and the likelihood of a recovery at trial, the court finds the settlement is in the best interest of the children.

Following a review of the pleadings in this case and the presentations of counsel, the court further finds that the fees and expenses incurred by Mr. Proper are reasonable. The contingent attorney's fee in this case is reasonable and below the range of fees normally charged in this jurisdiction. His preparation of and work on the case was instrumental in obtaining the settlement offer made by the Defendants.

**IT IS THEREFORE RECOMMENDED** that the court approve the terms of the settlement.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**